**DYCO PETROLEUM CORPORATION,**
Plaintiff,

v.

**MESA OPERATING COMPANY and**
**Hillin–Simon Oil Company,**
Defendants.

No. 95–C–1204–H.

United States District Court,
N.D. Oklahoma.

June 21, 1996.

Joseph C. Woltz, Robert K. Pezold, Pezold Richey Caruso & Barker, Tulsa, OK, for plaintiff.

Donna N. Blakley, Sharon Taylor Thomas, Hall Estill Hardwick Gable Golden & Nelson, Oklahoma City, OK, for Mesa Operating Company.

George S. Corbyn, Jr., Corbyn & Hampton, Oklahoma City, OK, for Hillin–Simon Oil Company.

## ORDER

HOLMES, District Judge.

This matter comes before the Court on Defendant Mesa Operating Company's Motion to Dismiss or to Transfer Venue (Docket # 7).

Defendant Mesa Operating Company ("Mesa") was formerly a working interest owner in the Jarvis No. 1–10 Well (the "Well") located in Beckham County, Oklahoma. Plaintiff Dyco Petroleum Corporation ("Dyco") is also a working interest owner and serves as operator of the Well pursuant to a Joint Operating Agreement ("JOA") between, *inter alia,* Mesa and Dyco dated November 9, 1981. Mesa assigned its interest in oil and gas leases covering the Well to Defendant Hillin–Simon Oil Company ("Hillin–Simon") on February 17, 1988. Dyco claims that at the time of this assignment, Mesa had produced more than its share of gas from the Well. Dyco subsequently brought this declaratory judgment action, seeking judicial determination of whether Mesa retained or Hillin–Simon assumed the obligation for overproduction from the Well. Dyco also asserts a claim against Hillin–Simon for its alleged failure to pay its share of the operating expenses of the Well. Mesa then filed this motion to dismiss or transfer venue.

Diversity actions may be brought only in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no

district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (1996). The Court applies each of these in turn to the facts of the instant case.

### I.

■ Dyco claims that venue is proper under section 1391(a)(1), which provides that a diversity action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same state." In order for venue to be proper under section 1391(a)(1), Dyco must establish two independent elements. First, Dyco must show that at least one defendant resided in the Northern District of Oklahoma at the time the action was commenced. If both defendants resided in this District at that time, venue is proper under section 1391(a)(1). If Dyco establishes that one but only one defendant resided in the Northern District at that time, Dyco must then demonstrate that the requirements of the second clause are met. Thus, Dyco must show that both defendants reside in the same state. Although it asserts that Mesa resides in the Northern District for venue purposes, Dyco has made no claim that Hillin–Simon resides in Oklahoma, nor does the record reveal evidence that Hillin–Simon is an Oklahoma resident for purposes of section 1391(a)(1). Therefore, even if Mesa was a resident of the Northern District at the time the action commenced, venue would not be proper under section 1391(a)(1) because Hillin–Simon is not an Oklahoma resident and thus the second prong of that provision has not been satisfied.[1]

Moreover, the Court finds that Dyco also has failed to satisfy the first requirement of section 1391(a)(1). As noted above, Dyco does not allege that Hillin–Simon resided in this District at the time the action was commenced. Further, for the reasons discussed below, the Court concludes that Mesa also

did not reside in the Northern District on the date this action was filed, December 6, 1995.

■ A corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *Id.* § 1391(c). The assertion of personal jurisdiction over a nonresident corporate defendant is appropriate where the defendant has sufficient "minimum contacts" with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Such contacts must be "continuous and systematic," *Hall,* 466 U.S. at 415–16, 104 S.Ct. at 1872–73, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice," *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. Jurisdiction over a nonresident corporation is available where that defendant "purposefully avails itself of the privilege of conducting activities [within the judicial district], thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

Upon review of the evidence presented by Dyco and Mesa, the Court concludes that Mesa was not subject to personal jurisdiction in the Northern District of Oklahoma on December 6, 1995. Mesa is a Delaware corporation with its principal place of business in Irving, Texas. Dyco contends that Mesa "has had numerous contacts with the Northern District on a regular basis over the past years." Pl.'s Br. at 5–6. In support of this proposition, Dyco submitted the following evidence: (1) gas contracts which Mesa entered into with Northern District operators in 1980 and 1989, Pl.'s Ex. D; (2) correspondence between Mesa and Samson Resources Company dated May 8, 1995 and September 20, 1995, Pl.'s Ex. E; (3) a letter to Dyco from

---

**1.** In support of its claim that venue is proper under section 1391(a)(1), Dyco relies upon the fact that Hillin–Simon waived objection to venue by filing a responsive pleading in this Court without raising such an objection. Dyco correctly asserts that Mesa has no standing to object to venue on behalf of Hillin–Simon. However, the requirement that all defendants reside in the same state is a necessary prerequisite to establishing venue pursuant to section 1391(a)(1). Both defendants are equally situated to object to venue when all of the requirements of the venue statutes have not been satisfied.

Mesa dated April 23, 1990, requesting copies of the operator's allocations for the Well, Pl.'s Ex. E; (4) the complaints filed in three actions in this Court to which Mesa was a party, Pl.'s Exs. F,G,H; and (5) copies of checks paid by Mesa to Tulsa companies, the most recent of which was dated May 24, 1993, Pl.'s Ex. I.[2]

Even if this evidence would have been sufficient to establish personal jurisdiction over Mesa at the time when each item occurred, the Court finds it is insufficient to subject Mesa to personal jurisdiction in this District at the time the instant action was commenced. Mesa had assigned all rights and liabilities in the gas contracts prior to December 6, 1996. Def.'s Ex. 1. Further, the last of the lawsuits referenced by Dyco was terminated in 1994. The remaining evidence does not suggest the probability of some going-forward relationship between Mesa and the Northern District. The Court finds that Dyco has failed to establish that Mesa was subject to personal jurisdiction in this district on December 6, 1995, and thus did not reside here for purposes of determining whether venue is proper under section 1391(a)(1).

## II.

Dyco also asserts that venue is proper pursuant to section 1391(a)(2), which provides that a diversity action may be brought where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated."

Dyco contends that the action arose out of a dispute over the JOA, which was negotiated "at least in part, in Tulsa, Oklahoma, pl.'s ex. A at 2, and administered by Dyco in its Tulsa office. However, the Complaint merely seeks a judicial declaration of which defendant retained or assumed liability for Mesa's

alleged overproduction of the Well.[3] Therefore, the critical events giving rise to this claim occurred in connection with Mesa's assignment of its interest in the Well to Hillin-Simon. The negotiations between Mesa and Dyco and subsequent correspondence relating to Dyco's administration of the JOA cannot be construed as "a substantial part of the events or omissions giving rise to" the current claim against Mesa. Further, it is uncontested that the Well is located in the Western District of Oklahoma. Thus, venue in this District is not proper under section 1391(a)(2).

## III.

Subsection three of the venue statute is inapplicable because the Court finds that there is at least one judicial district where this action may be brought. That district is the Western District of Oklahoma.

Because Dyco has commenced this action in an improper venue, the Court grants the Motion to Transfer the case to the Western District of Oklahoma (Docket # 7) pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

---

2. Dyco also contends that Mesa is subject to specific jurisdiction because the instant action allegedly arose from Mesa's contacts in the Northern District. The Court concludes that this claim is properly addressed in its discussion of section 1391(a)(2), which specifically provides that venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred."

3. The Complaint also asserts a breach of contract claim against Hillin–Simon for Hillin–Simon's alleged failure to pay Dyco its share of the operating expenses of the Well, in accordance with the provisions of the JOA. The Complaint does not include a claim against Mesa for breach of the JOA.